DWELLY GOWARD *vs.* BERNARD P. DUNBAR & another.

Where a defendant specifies, among other grounds of defence, a discharge in bankruptcy, the court is bound, under *St.* 1843, *c. 55*, which provides that when an action is discontinued or the plaintiff nonsuited solely in consequence of a plea of bankruptcy, the defendant shall recover no costs against the plaintiff, either to allow the plaintiff to discontinue solely on the ground of the discharge in bankruptcy, or to require the defendant, if he insists on going to trial, to waive his discharge and proceed on his other grounds of defence.

THIS was an action of assumpsit on a promissory note for $100, dated June 26th, 1841, payable to the plaintiff or order on demand with interest, and signed by the defendants, Bernard P. and Peter E. Dunbar. The writ was dated June 19th, 1847, and returnable to the next term of the court of common pleas for the county of Bristol.

Bernard P. Dunbar, on the 5th of November, 1847, filed a specification of defence, setting forth as grounds of defence, 1st. A discharge under the bankrupt law of the United States, dated October 11th, 1843, from all debts due June 7th, 1842 ; 2d. A discharge under the insolvent laws of this state, dated June 10th, 1845, from all debts due previous to November 15th, 1844 ; 3d. Payment, and accord and satisfaction.

The action was continued until the March term, 1849, when an agreement, signed by the plaintiff and by Peter E. Dunbar, dated March 7th, 1849, that an entry of neither party should be made in the action at the approaching term, was produced and filed in the case.

At the same term, Bernard P. Dunbar, by leave of court, filed an additional specification of defence, setting forth, 1st. That since the commencement of the action the note declared on had been discharged, and the defendant discharged from the action ; 2d. Payment ; 3d. Accord and satisfaction ; 4th. The settlement made between the plaintiff and Peter E. Dunbar, as a payment and discharge. And the action was then continued.

At the June term, 1849, the plaintiff filed a motion for leave to discontinue against Bernard P. Dunbar, solely on

account of his pleas of discharge in bankruptcy and insol-
vency. But the court refused to allow the motion, for
several reasons, and among others, on the ground that it
had not been made in season. The plaintiff also moved
that the specifications of bankruptcy and insolvency should
be stricken out, and that the case should go to trial on the
other grounds of defence. This motion was denied.

The case came on for trial before *Bigelow*, J., at the Sep-
tember term, 1849, when the plaintiff moved that the defend-
ant should elect upon which discharge, whether in bank-
ruptcy or insolvency, he would rely ; but the judge overruled
this motion. Upon the trial, the plaintiff put in and relied
on his note. The defendant then put in his discharge under
the bankrupt law of the United States, the validity of which
was not disputed. The plaintiff contended, that the settle-
ment with Peter E. Dunbar was evidence from which the
jury might infer, that the action was settled between the
plaintiff and Bernard P. Dunbar, and thus constituted a bar
to the recovery, by the defendant, of a verdict against the
plaintiff. But the judge instructed the jury, that upon the
evidence, the defendant was entitled to a verdict. The jury
accordingly returned a verdict for the defendant, and the
plaintiff excepted.

*N. Morton*, for the plaintiff.

*H. Pratt*, for the defendant.

FLETCHER, J. This case comes before the court by excep-
tions from the court of common pleas. At the June term, 1849
the plaintiff filed a motion in that court for leave to discon-
tinue against Bernard P. Dunbar, solely on account of his
pleas of bankruptcy and insolvency. The court refused to
allow the motion, on the ground that the same had not been
made in season, and for other reasons. The only reason dis-
closed, and of which notice can be taken by the court, for
refusing to allow the plaintiff to discontinue, is, that the
motion was not made in season. But the case surely dis-
closes no such delay, on the part of the plaintiff, as would
deprive him of his legal right. The action remained good
against Peter E. Dunbar, and was therefore properly con·

tinued, notwithstanding the discharges set up by Bernard P. Dunbar. Shortly after the action was settled with Peter, the plaintiff moved to discontinue as to Bernard, and it does not appear, that any measure was taken or any desire expressed, on the part of the defendant, for any early action on the part of the plaintiff. The simple question, therefore, is, whether the plaintiff had a legal right to discontinue solely on the ground of the discharges set up by the defendant. The *St.* of 1843, *c.* 55, provides, that " In all civil actions, in which the bankruptcy of the defendant shall be pleaded, and such action shall be discontinued, or the plaintiff nonsuited, solely in consequence of such plea, the defendant shall recover no costs against the plaintiff." The subsequent statute of 1848, *c.* 267, provides, that " Whenever the defence is made to rest on a discharge in bankruptcy or insolvency alone, and an issue is made up in writing to that effect, and found for the defendant, he shall recover his costs from and after such joinder of issue." By the statute of 1843, the plaintiff had a legal right to discontinue. It is said that a discontinuance is always a matter for the discretion of the court. But it was not a matter of discretion under the circumstances of this case. The language of the statute very clearly implies a right to discontinue.

It is said, that the defendant had other grounds of defence than that of his discharge. But he put his defence solely on the ground of his discharge under the bankrupt law of the United States. The defendant might have waived his defence on the ground of his discharge, and put himself on other grounds, and thereby have taken his case out of the operation of the statute. The plaintiff moved the court, that the defendant might be required to waive his defence on the ground of his discharge, and to rely on his other grounds of defence, if he insisted on going to trial, and the plaintiff was not permitted to discontinue. But the court refused this motion.

The court should either have allowed the plaintiff to discontinue solely on the ground of the discharge, or if the defendant insisted on going to trial, he should have been

required to waive his discharge, and to proceed on his other grounds of defence.

It is said, that the plaintiff should have taken exceptions to the ruling, and not have gone to the jury. But he had no option. He was not allowed to discontinue, and was obliged to go to the jury; which cannot now preclude him from maintaining his exceptions.

*Verdict to be set aside, and plaintiff to have leave to discontinue.*